IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ENTERED
MAY 1 4 2003
U.S. DISTRICT COURT
WHEELING, WV 26003

JOHN EDWARD MAHONEY, JR.,

Petitioner,

v.  Civil action no. 3:02CV93
Criminal action no. 3:01CR11
(Judge Broadwater)

UNITED STATES OF AMERICA,

Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On November 25, 2002, the *pro se* petitioner, John Edward Mahoney, Jr. ["Mahoney"], an inmate currently incarcerated at FCI-Edgefield, Edgefield, South Carolina, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. By order entered on February 4, 2003, I ordered the Government to answer the motion. On March 3, 2003, the Government filed its answer.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2255 (Standing Order No. 4 ) and the December 4, 2002 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge.

## A. Indictment

On June 5, 2001, a grand injury for the Northern District of West Virginia indicted Mahoney of conspiracy to commit robbery in violation of 18 U.S.C. §371 (Count One) and bank robbery in violation of 18 U.S.C. §2113(a) (Count Two).

## B. Plea

On September 12, 2001, Mahoney signed a plea agreement in which he agreed to plead guilty to bank robbery (Count Two). The plea agreement provided that the statutory maximum sentence to which Mahoney could receive was 20 years imprisonment, a fine of $250,000.00, or both, and at least 3 years of supervised release. However, the Government made no representations regarding what the final disposition of the case would be. Further, the Government agreed to make two non-binding recommendations: (1) "if in the opinion of the United States Attorney's Office, the defendant accepts responsibility and the probation office recommends a two-level reduction for 'acceptance of responsibility,'" the Government will recommend a two-level reduction for "acceptance of responsibility" if the plea agreement was signed on or before September 12, 2001, at 1:30 p.m. and Mahoney "returns an executed copy of the plea agreement to the United States by that time," and (2) recommend a sentence of incarceration at the "lower end of the applicable guideline range." Additionally, Mahoney agreed to waive his right to appeal any sentence which is within the maximum provided by the statute of conviction or the manner in which the sentence was determined. Mahoney also agreed to waive his right to collaterally attack his sentence or the manner in which it was determined.

A change of plea hearing was held on September 12, 2001. Mahoney testified that he understood (1) the Court was not bound by the non-binding plea agreement; (2) he had waived his right to appeal and collaterally attack his sentence; (3) and agreed with the terms and conditions of

2

his plea agreement, and that there were no other agreements; and (4) the Court has the authority to depart from the guidelines. (Plea Hearing Tr. pp. 14-16, 21). Mahoney also testified that his plea was not the result of any promises not contained in the plea agreement and no one had promised him or predicted what his sentence would be. (Id. at 32).

## C. Sentence

On December 11, 2001, Mahoney appeared before the Court for sentencing. The Court advised Mahoney of its tentative findings that the total offense level was 20, he had a criminal history of VI, and a guideline range of imprisonment of 70 to 87 months. However, the Court indicated that "I have some concerns about the Defendant's rather lengthy criminal history category." (Sent. Tr. p. 6). The Court noted that Mahoney's criminal history included:

> theft, carrying prohibited weapon, disorderly conduct, larceny, possession of a controlled substance and paraphernalia, theft, controlled substance with intent to distribute, possession of controlled substance, reckless endangerment, battery, theft, failure to return vehicle, failure to return rented vehicle, fraud, conversion of leased goods, assault, assault and battery, theft of over $300, fraudulent insurance acts, theft under $300, theft under $300, theft under $300, theft under $300.

(Id.).

The Court advised Mahoney that it was considering departing upward from the guidelines pursuant to U.S.S.G. §4A1.3 because of his criminal history points. Thus, the Court continued the hearing until January 2, 2002, to provide Mahoney's counsel with an opportunity to examine Mahoney's criminal history points.

On January 2, 2002, the Court found that Mahoney had 19 criminal history points, and an extrapolated criminal history category of VIII. The Court determined that the guidelines provided for a sentencing range of 84 to 101 months and sentenced Mahoney to 88 months imprisonment.

3

## D. Appeal

Mahoney's attorney filed an Anders brief[1] which Mahoney supplemented. The Government moved to dismiss the appeal as being barred by Mahoney's waiver of his appellant rights. Pursuant to the Government's motion, the Court of Appeals dismissed Mahoney's appeal.

## E. Federal Habeas Corpus

### Mahoney's Contentions

(1) The Government breached the plea agreement by failing to recommend that Mahoney be sentenced at the low end of the guideline range for a category VI criminal history. Thus, rendering his plea involuntary and unknowing.

(2) The Court erred in departing upward from the sentencing guidelines because no aggravating circumstances were presented nor was any evidence presented which revealed he deserved an enhancement. His criminal history record is neither extreme nor drastic in comparison to others in criminal history category VI and his sentence should not have been enhanced because his crime involved no firearms or injury.

### Government's Contentions

(1) Mahoney's §2255 motion should be dismissed because Mahoney voluntarily waived his right to collaterally attack his sentence.

(2) The Government did not breach the plea agreement.

(3) The Court provided notice that it intended to make a departure from the sentencing guidelines.

(4) The Court's decision to depart upward from the sentencing guidelines is supported by the record.

## F. Other Motions

On November 25, 2002, Mahoney requested to proceed *in forma pauperis*.

---

[1] Anders v. Washington, 386 U.S. 738 (1967).

## G. Recommendation

Based upon my review of the record, I recommend that Mahoney's motion be denied because the Government did not breach the plea agreement, and Mahoney's claim regarding the Court's departure from the sentencing guidelines is barred by the waiver in Mahoney's plea agreement.

## II. ANALYSIS

### A. Waiver

Mahoney waived his right to appeal and collaterally attack his sentence. Waiver of appellate rights in a plea agreement is generally valid. United States v. Attar, 38 F.3d 727 (4th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995). Likewise, "[w]aiver of collateral attack rights brought under §2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1185 (10th Cir. 2001), *cert. denied,* 534 U.S. 1082 (2002); *see also* United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) and Butler v. United States, 173 F. Supp. 2d 489 (E.D. Va. 2001). Exceptions to these general rules would be claims of sentences in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor, United States v. Marin, 961 F.2d 493 (4th Cir.1992), or claims for denial of effective assistance of counsel during the plea or following entry of the plea, or claims challenging the voluntariness of the plea. Attar, 38 F. 3d at 732-33; Butler, 173 F. Supp. 2d at 494.

Mahoney's waiver has been found valid by the Fourth Circuit Court of Appeals. Nonetheless, Mahoney attempts to avoid the waiver by asserting that the Government breached the plea agreement. A waiver is not enforceable when the plea agreement is breached. *See* United

States v. Bowe, 257 F. 3d 336, 342-43 (4th Cir. 2001). Mahoney's claim that the Government breached the plea agreement will be discussed below.

## B. **Breach of Plea Agreement**

Mahoney asserts that he was induced to plead guilty because the parties understood that he had a criminal history category of VI. When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it could be said to be part of the inducement or consideration, such promise must be fulfilled. United States v. Beltran-Ortiz, 91 F.3d 665, 668 (4th Cir. 1996). The validity of the plea is called into question if the prosecutor's promises are not carried out, because the plea is involuntary. Santobello v. New York, 404 U.S. 257 (1971). A party alleging breach has the burden of proving the breach by a preponderance of the evidence. United States v. Conner, 930 F. 2d 1073, 1076 (4th Cir.), *cert. denied,* 502 U.S. 958 (1991).

There is no evidence that the Government promised to recommend that Mahoney's criminal history category be a level VI. The plea agreement contains nothing about category VI, and during the plea hearing Mahoney testified that he agreed with the terms of the plea agreement and that there was no other agreement between the parties. Further, the Court advised Mahoney that his sentence could not be determined until the pre-sentence investigation report was submitted. Mahoney never indicated that his plea was based on an understanding that his criminal history category was a level VI.

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir.), *cert. denied,* 506 U.S. 885 (1992). And, "findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." United

6

States v. Lambey, 949 F. 2d 133, 137 (4th Cir. 1991) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

Mahoney's statements during the plea hearing do not support his current contention that he was induced to plead guilty on the understanding that his criminal history category would be a level VI. Instead, the record reveals the Government agreed to "recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range," and the Government made such recommendation. While the Government made the recommendation, the recommendation was nonbinding on the Court. "Plea bargains impose obligations on the prosecution, not the courts." United States v. Gordon, 61 F.3d 263, 267 (4th Cir. 1995). Consequently, the Court's decision to increase Mahoney's criminal history category did not result in a breach of the plea agreement. Therefore, Mahoney's claim that the Government breached the plea agreement is without merit.

Because I have determined that Mahoney's claim that the Government breached the plea agreement is without merit, the waiver in the plea agreement is enforceable. Thus, Mahoney's claim regarding the Court's departure from the sentencing guidelines is waived and will not be addressed in this Report and Recommendation. Accordingly, Mahoney is entitled to no relief, and his motion should be denied.

## C. *In Forma Pauperis*

I also recommend that Mahoney's request to proceed *in forma pauperis* be denied because there is no filing fee for §2255 actions and Mahoney will incur no expenses in pursuing his motion in this Court because I have recommended that the motion be dismissed.

## III. RECOMMENDATION

For the reasons stated herein, it is accordingly recommended that the Court enter an Order **DENYING WITH PREJUDICE** the motion of John Edward Mahoney, Jr. ["Mahoney"] and dismissing the case from the docket.

Any party may file within ten (10) days after the date of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[2]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: May 14, 2003

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).