IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Criminal Action: 3:01-cr-11

JOHN EDWARD MAHONEY, JR.,

        Defendant.

**REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DEFER PAYMENT DURING TERM OF SUPERVISED RELEASE INSTEAD OF DURING IMPRISONMENT AND MOTION FOR RELIEF FROM JUDGMENT BE DENIED.**

## I. INTRODUCTION

**A. Background**

Defendant was the only defendant named in an two count indictment charging Defendant in Count 1 with conspiracy to commit robbery in violation of 18 U.S.C. § 371, and in Count 2 with bank robbery in violation of 18 U.S.C. § 2113(a). On September 12, 2001, Defendant entered a plea of guilty to Count 2. On January 7, 2002, Defendant was sentenced on Count 2 to a term of imprisonment of 88 months and three years of supervised release. He was also ordered to pay a $100 assessment fee and $2,413 in restitution. The Judgment and Commitment Order was filed on January 8, 2002.[1] Defendant filed a notice of appeal. The Fourth Circuit Court of Appeals dismissed Defendant's appeal on July 17, 2002.

---

[1] Docket No. 76

On November 25, 2002, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255.[2] The Report and Recommendation denying the Motion to Vacate was adopted by the Honorable W. Craig Broadwater, U.S. District Judge, initially on May 10, 2004 and upon reconsideration on July 6, 2006.[3]

**B.     The Motions**

On December 12, 2005, Defendant filed a Motion to Defer Payment During Term of Supervised Release Instead of During Term of Imprisonment.[4] On January 3, 2007, Defendant filed a Motion for Relief from Judgment.[5] The Government filed its Response to Defendant's Motions on April 22, 2008.[6]

**C.     Recommendations**

The undersigned recommends:

1. Defendant's Motion to Defer Payment During Term of Supervised Release Instead of During Imprisonment be **DENIED** as moot because Defendant was released from custody on March 20, 2008

2. Defendant's Motion for Relief from Judgment be **DENIED** because it a successive motion for collateral review over which the Court lacks jurisdiction, and because its allegations lack merit.

---

[2] Docket No. 88

[3] Docket No. 95

[4] Docket No. 101

[5] Docket No. 104

[6] Docket No. 114

## II.  FACTS

There was no hearing on Defendant's Motions.  Accordingly, no testimony or other evidence was offered in support or opposition to any of Defendant's Motions.

## III.  MOTIONS TO DEFER PAYMENT DURING TERM OF SUPERVISED RELEASE INSTEAD OF DURING TERM OF IMPRISONMENT.

**A.     Contentions of the Parties**

Defendant requests the Court grant him permission to defer payment of his remaining fines until after his release from custody, and order the United States Bureau of Prisons, Federal Correctional Institution in Gilmer County, West Virginia to stop deducting payments from his account.  The Government alleges Defendant's request is moot because Defendant was released from custody March 20, 2008.

**B.     Discussion**

Defendant was released from the custody of the Bureau of Prisons on March 20, 2008.[7] Accordingly, his motion for permission to defer his payment of fines until after his release from custody is moot.  Even if Defendant were still in custody, the Court finds Defendant's Motion is without merit because Defendant has failed to demonstrate how his present or future financial condition justifies delaying the victims' receipt of restitution payments.

**C.     Recommendation**

The undersigned recommends Defendant's Motion to Defer Payment During Term of Supervised Release Instead of During Imprisonment be **DENIED** as moot because Defendant was released from custody on March 20, 2008

---

[7] See www.bop.gov. Last accessed May 2, 2008.

## IV. MOTION FOR RELIEF FROM JUDGMENT

**A.    Contentions of the Parties**

Defendant argues that pursuant to Rule 60(b)(3),(4), and (6) of the Federal Rules of Civil Procedure he should be relieved from the final judgment in his case because "1) the prosecuting attorney has filed a fraudulent document in this case, namely an indictment that has no legal basis, its existence that has no legality; 2) the prosecuting attorney has misrepresented the truth about the legal existence of the indictment causing Defendant to believe in its existence, and, to act in a way that is detrimental; 3) without proving the existence, or, including its existence of F.D.I.C. within the indictment; 4) the assistant U.S. Attorney has misrepresented the truth about the imposition of a term of imprisonment in the form of what is called 'supervised release' that is not authorized by the Statue 18 U.S.C. § 2113, prosecutorial misconduct is impermissible; 5) Rule 11 of the federal Rules of Crim. Proc. is invalid and the prosecutor misled Defendant to believe that it is actually legal . . . ."

The Government argues Defendant's Motion is barred because it is untimely and because it is a successive § 2255 petition over which the Court lacks jurisdiction.

**B.    Discussion**

Rule 60(b) provides in part:

> **"Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party of its legal representative from a final judgment, order, or proceeding for the following reasons:
> 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 4) the judgment is void
> 6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be "made within a reasonable time - and

for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Id. When a criminal defendant files a Rule 60(b) motion in his collateral review case, the Court must determine whether the motion constitutes a proper motion for reconsideration of the denial or dismissal of his § 2255 motion, or a successive § 2255 petition over which the Court has no jurisdiction.[8] Whether a motion filed under Rule 60(b) is construed as a proper motion to reconsider or a successive § 2255 petition depends on the content of the motion. A motion "directly attacking the underlying conviction or sentence" is usually construed as a successive § 2255 petition. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Similarly, a "brand-new, free-standing allegation of constitutional error in the underlying criminal judgment" will normally be construed aa a continued collateral attack on the defendant's conviction or sentence. Id. In contrast, a Rule 60(b) motion that seeks a "remedy for some defect in the collateral review process" will generally be deemed a motion for reconsideration of the denial or dismissal of his § 2255 motion and may be reviewed on its merits. Id. [holding "an example of a proper Rule 60(b) claim is an allegation that government agents perpetrated fraud on the court during the collateral review proceedings."].

Defendant filed a § 2255 petition on November 25, 2002. In his § 2255 Motion, he alleged the Government breached the terms of the plea agreement and the Court erred in departing upward from the sentencing guidelines. His § 2255 petition was denied - initially on May 10, 2004 and upon reconsideration on July 6, 2006 - because the Court found the Government did not breach the plea agreement and Defendant waived his right to challenge the

---

[8] The Court has no jurisdiction over a defendant's successive § 2255 motion unless the defendant first received permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Court's upward departure.

Defendant's Rule 60(b) motion alleges different errors from his § 2255 petition. However, like his § 2255 petition, his Rule 60(b) motion "directly attack[s] the underlying conviction or sentence." See Winestock, 340 F.3d at 205. It does not merely seek a "remedy for some defect in the collateral review process." Id. Specifically, Defendant alleges in his Rule 60(b) motion the prosecutor filed a fraudulent indictment; "misrepresented the truth about the legal existence of the indictment;" failed to prove the required F.D.I.C. element; and improperly included in the plea agreement a term of supervised release. He also alleges Rule 11 of the Federal Rules of Criminal Procedure is invalid. Defendant's Rule 60(b) motion is therefore construed as a successive § 2255 petition and not a proper motion to reconsider. Because Defendant did not comply with the procedures set forth in § 2255 for filing a successive § 2255 petition, the Court lacks jurisdiction over Defendant's Rule 60(b) motion and recommends Defendant's motion be dismissed. See Id.

Even were the Court to consider the merits of the allegations raised by Defendant in his Rule 60(b) motion, the allegations are without merit. First, Defendant has failed to explain and the Court cannot find a reason why the indictment in Defendant's case was fraudulent or lacked legal authority. Second, there is no evidence the indictment was required to include the word "F.D.I.C.." Third, Defendant's three year term of supervised release complied with 18 U.S.C. § 3583(a). Finally, Defendant has failed to demonstrate why Rule 11 of the Federal Rules of Criminal Procedure is invalid.

**C.    Recommendation**

The undersigned recommends Defendant's Motion for Relief from Judgment be

**DENIED** because it a successive motion for collateral review over which the Court lacks jurisdiction, and because its allegations lack merit.

## V. RECOMMENDATIONS

The undersigned recommends:

1. Defendant's Motion to Defer Payment During Term of Supervised Release Instead of During Imprisonment be **DENIED** as moot because Defendant was released from custody on March 20, 2008

2. Defendant's Motion for Relief from Judgment be **DENIED** because it a successive motion for collateral review over which the Court lacks jurisdiction, and because its allegations lack merit.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Judge John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the defendant and counsel of record, as applicable.

DATED: May 5, 2008

                                /s/ James E. Seibert
                                JAMES E. SEIBERT
                                UNITED STATES MAGISTRATE JUDGE